The Fourth District Appellate Court of the State of Illinois has reconvened. The Honorable John W. Turner presiding. Thank you. Good morning. Our next case is People v. Corey Martin. That is number 4-2-3-0-5-1-9. Appearing for the appellate is Jonathan James and appearing for the appellee is Connor Gatton. Mr. James, are you ready to proceed with your argument? Yes, Your Honor. Please do so. Thank you, sir. Judge, we are appealing a judgment from the circuit court. What had happened was just a brief statement of facts. My client was arrested for driving under the influence in this case, and he was taken down to the station. He was read a warning to motorists. The warning that was read to him was from an outdated form, so the difference between the recent warning to motorists and the warning that my client was read was that it didn't contain the language for the levels of the THC. Additionally, what I find most important in this case is that it didn't contain a place for him to sign to acknowledge the warnings in writing, which is required by statute in 501.1c. And then afterwards, he was issued a notice of summary suspension for submitting to a blood alcohol test of over .08. We filed our petition to rescind statutory summary suspension. We proceeded on the basis that my client was not properly warned, and we had a hearing on that, and eventually the circuit court denied our petition. It seems like the circuit court denied the petition on the basis that the requirement that my client actually acknowledged the warnings in writing was not contained within the section of the code that provides for the specifically. And that is, counsel, good morning. 2-118.1b, and it does list the grounds that a petitioner may proceed on in a petition for a statutory summary to rescind the statutory summary suspension, and failure to sign or acknowledge a warning to motorists is not one of them. So how are you urging that the trial court was wrong and we should reverse the trial court? It's certainly not in 11501.1c. That's correct, Judge, but there is case law. If we look at the bases for which you can, you know, succeed on the statutory bases, improper warnings is not in but there are several cases that cite improper warnings and failure to comply with, you know, section 501.1c is a basis to rescind the suspension. And I think how the majority of the cases get there, if we look at paragraph 3 and paragraph 4 under 2-118.1b, it says, it prefaces all of these scenarios by saying, after being advised by the officer that the privilege to operate a motor vehicle will be suspended, then this happens. So that's both in 3 and that's both in 4. So then we have to dive deeper into the code to figure out how a motorist is properly advised that their license is going to be suspended. And we cited several cases. I would say the most compelling one that suggests that non-compliance with 11-501.1c is a basis for rescission is 11-537.16. And basically, this is a situation where the police officer, he had what's called an implied consent card. So he didn't read the warning to motorists, he broke out this card and he read from the card. So if we're just going to exclusively look at 2-118.1, any type of warning would be okay to satisfy that statute and it wouldn't be a basis to rescind. However, the court in Zanicki said that these warnings were insufficient and you actually have to warn a person based on 501.1c and also based on 625 ILCS 5-6-208.1. And then the trial court found that the insufficient warnings in that case warranted the rescission. And there was even a quote in that case that says the requirement that a person be warned under section 11-501.1c of the vehicle code is a mandatory one as evidenced by the word shall. And I think it's important to note that what we're asking to have the petition granted and the suspension rescinded on is a very new section of the code. I wouldn't say very new, it went into effect in 2016. And they basically added a paragraph to the end of 501.1c that says a person requested to submit to a test shall, using the word shall meaning it's an obligation of the officer, also acknowledge in writing receipt of the warning required under dissection. Then if the person refuses to sign that document, then the officer shall mark on the warning to motorists that that person refused. So compliance with 11-501.1c while not specifically listed in the basis for a rescission is certainly, I mean there's several cases that were cited in our appellate brief that show that non-compliance with this section should lead to a rescission. But wouldn't non-compliance also be the suspect not agreeing to sign the notice? No sir, and there's actually a facility within the code that says if the suspect doesn't want to sign it, they just write refused on it. I mean it's not a particularly onerous burden of the chemical test. And if they don't want to sign it, you just write refused. If they do want to sign it, they sign it. It's all there within the statute. And this is something that was at the stipulated hearing and the stipulations were, we had two stipulations going into the hearing. Number one, he read the outdated warning to motorists. And number two, he never offered my client an opportunity to look at the document and sign it, which is required by code. What are the substantial differences between the older and newer notice? Quite frankly, the only issue that I think is important to the court is there was no place to sign. And you know, obviously the THC information wasn't in there because this, that 2016 was whenever they started doing levels for THC instead of trace amounts. So I don't think that's going to be important based on the rulings in Johnson, the case we cited that says the warnings actually have to be applicable to the person in their situation. But I think the important thing is that he was never offered an opportunity to sign the document. And certainly if you get the old form, I think if the police officer knew the law, he could just have drawn a line and said, here, please sign this. But he failed to do that. And that was the stipulation at hearing. Isn't the legislative intent involved in the amendment to show that a suspect was in fact warned if there's not a videotape to defend claims of improper warning? No, sir, I don't believe so. I think it's more if we dig into the Johnson case, which is the Illinois Supreme Court case, that's on point. It kind of explains the purpose of the warnings. And it actually states that I'm focused on the purpose for signing the warning for showing acknowledgement that a suspect defendant acknowledged that they saw or heard a warning. Well, an officer can certainly testify that he warned them. But I think one of the most important parts is that whenever a motorist is arrested and taken down to a station, this police officer who has read this thing probably 100 times is going to go through it at probably a very fast pace, and a monotone tone of voice, and then ask this person, would you like to take submit to a breathalyzer test, I think the purpose of requiring the signature is to actually allow the motorist to be able to look at the document. And if they didn't understand anything, they can go right to the source of it. Because police officers, they're not allowed to explain these documents, they're not allowed to give legal advice. And a lot of times, people will have questions about it. It's like, what does it mean if what happens if I don't, you know, take a test or what happens if this, and the police officers are not really allowed to explain it, because if they do, and they give misinformation, that's going to be a basis for rescission. However, what the police officer can do is hold up the document and say, everything you need to know was in here, please look at it and make your decision. And I think that's a big part of it. The legislature wanted, and I wanted to give a means for the police officer to actually let the motorist view the conditions without having him to explain it, which a lot of times if police officers go off script, and they don't say exactly what's in the warning to motorists, that misinformation, at least according to people v. Johnson, would be a basis for rescission. Let me ask you this prior to the amendment in 16, was an officer's failure to request the signature fatal and worthy of recension? No, sir, it wasn't in the code at that time. The actual requirement for the officer to offer the paper to be signed was, that's the very last paragraph in 501.1c. That was added in 2016. And that is what created the officer's obligation to present the warning in writing to the person who was asked to take the test. So prior to that, there was no statute saying that the officer had to do this. But afterwards, they actually created the statute and it says a person requested to take the test shall also acknowledge in writing received warnings under this section. If the person refuses to acknowledge received the warnings, the law enforcement officer shall make a written notation on the form. So prior to this section of coding, there was nothing. Mr. James. Yes, sir. Yes, thank you. You seem to be reading that statute to require the police officer not only to orally give the warning, but then hand over the document or as you say, hold it up and said, read this. Everything you need to know is in here. Do you have a case that says that? No, sir. This is a case of first impression from my research and I haven't seen anything. Like I said, this has only been a statute since 2016. So I think it went into effect July of 2016 through the public backed and there have been no cases on point that specifically say that failure to comply with this is fatal. However, I will note that there are several other parts of 501.1 C, which have the word shell in there and noncompliance with that would lead to a rescission. So whenever they add a, an additional section that has the word shell in it, noncompliance with that should also lead to a rescission. Well, here's the problem I have with your argument. Your client was born, correct? That's correct. He was read the one in the motorist. Okay. Well, if he was read the warning to motorists, why would we then say that the summer suspension should be rescinded? I don't follow. What's the nexus there? How do you jump from getting the warning to saying we need to reverse what the trial court did? Um, because he didn't follow the appropriate protocols that are set forth for giving a statutory summary suspension. Um, so there's a lot of stuff that the police officer has to do to be able to rescind the suspension on the license. And the Johnson case says you don't necessarily need to give warnings if they don't want to apply to it, apply to the person in that looking at the language of 501.1 C. Um, it's, there's a lot of conditional statements all the way through there. If we look at the very first sentence, it says a person requested to submit a test shall be warned by law enforcement. So obviously anyone, uh, who has requested to take a test needs to be warned if they are not warned and they, the police officer doesn't follow the statute, then that's a basis for a rescission. Then if we go down about halfway, it says if the person is also a CD holder, he or she shall be warned by law enforcement. So if someone is a CDL holder and they're not appropriately warned, then that is a basis for a rescission. And then if we go down even further, there's another conditional statement that requires additional warnings for persons who are under 21. And if someone's under 21 and don't receive those warnings, that's a basis for, to rescind. And then the very last paragraph basically sums up the process for what needs to be completed to suspend someone's license. And that's a person requested to submit the test shall also acknowledge in writing, receive the warnings, which is, you know, has the same teeth as, I mean, it has the very same is the very first sentence that says a person requested to submit to a test shall be warned. In addition, they shall also acknowledge receipt in writing. These are requirements by the statutes that the officer has to follow because the legislature decided to use the word shall in here. So just based on the police officer not complying with 501.1C and going to the second page of my argument, they are required to offer this to the client to sign. And ostensibly, like I said earlier, it's likely so the motorist can actually look at it and prevent the police officer from going down a rabbit hole of giving false advice that may eventually mislead the motorist. And that'd be a basis for a rescission. So, and then to kind of conclude my arguments here, it's so we got three sections of the code that are kind of like working together here. 501.1C, obviously noncompliance with that based on, I believe both Johnson and Zinnicke, noncompliance from the officer of that section should warrant a rescission just based on those two cases alone. And quite frankly, I think the trial court erred in saying that that wasn't a requirement. And just to go back to the Johnson case for a little bit, it's obvious that, you know, these systems aren't set up so that everyone understands what is in that document. So there's no requirement. So if someone's unconscious or doesn't speak English, all they have to do is read the warning to motorists to them, offer to sign, write refused, and then they can, you know, either mark the refusal or if they're unconscious, they can take their blood there, but they still have to read the warning to motorists. And then the Johnson court goes into, it's like, we're not trying to, you know, help the motorists understand, but it's an objective standard. So all of these rules are put into place so that an objectively reasonable driver would understand the information that is presented to them based on the processes set forth by the legislature about what the potential penalties are. And the Johnson case actually says doing this actually benefits the state and it's not for the benefit of the driver because, you know, having the different penalties for the suspension would encourage people to take the breathalyzer. So it is within the state's interest. And quite frankly, it's mandatory by the code that the person be offered to sign this and actually be able to look at it. So just based on the fact that, you know, there was a stipulated hearing that the stipulation was the officer did not comply with 501.1 C, which all the cases cited by the appellant indicate that this would be fatal noncompliance with 501.1 C. I think noncompliance with this new section of the statute is a basis to rescind the statutory summary suspension. Okay. Have you completed your argument? Yes, sir. Are there any other questions from the court? I don't see any questions. I'm sorry. But you will get rebuttal. Mr. Gettin, please proceed with your argument. May it please the court, counsel. My name is Conor Gettin and I represent the state in this matter. So the issue here is whether or not the officer offered up not having a signature block for a defendant to acknowledge receipt of the warnings he received is grounds for rescission. As defense counsel mentioned, he cited three cases for the proposition that an officer's noncompliance with the statute can be grounds for rescission. Zanecki, Estrada, and Englebright. None of these cases involve the updated statute at issue here, though these cases involve situations where a defendant either was not advised or was misadvised about the length of time that he could have his license suspended. The court, the Supreme Court in Johnson, rejected these cases, rejected the test of these cases, holding that the purpose is not of the warnings is not for informed consent of the driver, but is rather an evidence gathering tool for these states. In doing so, the court concluded rescission is warranted based upon the receipt of erroneous or inaccurate warnings only if the misinformation directly affects the motorist potential length of suspension. To hold any misinformation, even misinformation which does not concern the motorist, warrants rescission defeats the purpose of the statute. Here, it is not the case that a defendant was misadvised. He never claims he was given misinformation or anything of the sort. The only thing he claims is that he did not sign off upon the warning, and as Johnson holds, that does not pertain to him being misadvised about the length of his sentence, so that is not basis for rescission. The defendant had opportunity during the hearing to contend that he was misadvised. The judge said, if you were saying you were misadvised, that is a whole other ballgame. We can have a hearing on that. Defendant did not take that opportunity during the hearing. He contended that merely not having him sign the warning was sufficient basis for a rescission. But counsel, isn't the language in 501.1c mandatory? The word shall is used, is it not? The word shall is used, but as Johnson holds, there can be noncompliance with the statute without requiring a rescission. It does not necessarily have to rise to the level of saying we are going to issue a rescission for noncompliance. This is what, in my view, is one of those such cases. It does not rise to the level of being so grave that rescission is warranted as a result. I think that if that was the case, the legislature could have amended the statute concerning the scope of rescission hearings to include this. They did not do so. With that, unless there are any other questions, I will stand on my briefing. Mr. Gatton, I have a question. What do you think of Mr. James' argument that the reason the statute says that the person has an opportunity to sign the warnings is so that the officer will then allow the person to read it because it's, I guess, logical that you don't sign something until you read it. Therefore, that was an important step that was missed here. I'm summarizing, but I believe that's pretty much what Mr. James was arguing. What do you think about that? I think it's more so, as Justice Kavanaugh indicated, to make sure that the warnings occurred. I don't think that a understanding is the primary directive behind these warnings. If the motorist is intoxicated in the case, I don't think it's necessarily fair to assume that they are reading this information, taking it in, processing it, and then agreeing about the potential penalties they are giving up. Okay. I don't see any other questions. I think you indicated before you concluded your argument. We thank you. Mr. James, I don't see you on screen. Can you hear me? Yes, sir. I can. I just stopped my video for counsel's argument. Oh, that's fine. Do you have rebuttal? Yes, sir. Very briefly, counsel was arguing that there can be non-compliance with the statute and it's not going to lead to a rescission. I think he's misreading Johnson. Basically, what Johnson held was that because someone wasn't warned about a situation that they didn't apply to, then you can't get a rescission based on that. That does not conflict or that is not necessarily non-compliance with the statute just based on all the conditional language that's in 501.1c. For instance, you only read certain parts of the or someone is in an accident involving great bodily harm. If someone's not in an accident involving great bodily harm, obviously, you do not need to read that and that's still compliant with the statute, only reading the portions of the warning to motorists that actually apply to it. In my mind, that's compliance with the statute. Then the appellate court says, they complied with it, this person doesn't need the information that wasn't in the warning to motorists, doesn't apply to this person, so there's no need for a rescission. Whereas in contrast, at the very bottom, any person who was asked to take a breathalyzer test, the statute says they shall acknowledge in writing. If they don't do it, the officer shall write refused on the warning to motorists. That's the difference between what counsels are arguing that there was non-compliance with 501.1c and Johnson, which there absolutely wasn't, but not requiring or not following the statute whenever the law changed, that is non-compliance with the statute and I believe a rescission is necessary. Thank you. Okay. We thank both of you for your arguments. The case is submitted and the court will stand in recess until 1 p.m. this afternoon, at which time Justice Kavanaugh will be presiding.